**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ALISSA JENSEN, ) <br> ) <br> Plaintiff, ) **Case No.:** <br> ) <br> v. ) **COMPLAINT AND DEMAND FOR** <br> ) **JURY TRIAL** <br> PORTFOLIO RECOVERY ASSOCIATES, ) <br> LLC, ) **(Unlawful Debt Collection Practices)** <br> ) <br> Defendant. ) <br> ) | |

ALISSA JENSEN ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against. PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Maryland, therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Germantown, Maryland.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation with its principal place of business located at 140 Corporate Boulevard, Norfolk, Virginia 23502.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant contacted Plaintiff in its attempt to collect a consumer debt.

11. The alleged debt at issue arose out of transactions that were for personal, family, or household purposes as Plaintiff does not have any business debt.

12. Beginning in or around September 2014 and continuing through August 2015, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's home telephone number and cellular telephone number in its attempts to collect the alleged debt.

13. During this time, Plaintiff also received calls at inconvenient times, including prior to 8:00 am, when she was at doctor's appointments and at school meetings.

14. Plaintiff told Defendant to stop calling when the calls first began in September 2014.

15. Despite Plaintiff's request that Defendant cease calls, Defendant continued to call Plaintiff.

16. Once Defendant was aware that its calls were unwanted any further calls could only have been for the purpose of harassment.

17. Plaintiff has on occasion hung up on Defendant, but Defendant would immediately call her back.

18. On some occasions, Defendant would also call, but when Plaintiff answered no one would be on the telephone.

19. Further, in or around May 2015, Defendant told Plaintiff it would garnish her husband's wages if the debt was not paid.

20. Upon information and belief, Defendant did not intend to garnish his wages.

21. Defendant's actions, as described herein, were taken with the intent to mislead, harass, and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692c(a)(1) OF THE FDCPA

22. A debt collector violates section 1692c(a)(1) of the FDCPA by communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the consumer's location.

23. Defendant violated section 1692c(a)(1) of the FDCPA when it called Plaintiff at inconvenient times.

## COUNT II
## **DEFENDANTS VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA**

24. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

25. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

26. Defendants violated §§ 1692d and 1692d(5) when it placed repeated harassing telephone calls to Plaintiff's cellular and home telephone numbers despite knowledge the calls were unwanted, when it would call her back immediately after she would hang up the phone, and when it would call and no one would be on the line to speak with Plaintiff.

## COUNT III
## **DEFENDANT VIOLATED §§ 1692e, 1692e(4), 1692e(5) AND 1692e(10) OF THE FDCPA**

27. A debt collector violates § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

28. A debt collector violates § 1692e(4) by representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

29. A debt collector violates § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

30. A debt collector violates § 1692e(10) by use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a

4

PLAINTIFF'S COMPLAINT

consumer.

31. Defendant violated §§ 1692e, 1692e(4), 1692e(5), and 1692(10) when it threatened Plaintiff that it would garnish her husband's wages when it did not intend to take such action.

## COUNT IV
## **DEFENDANTS VIOLATED § 1692f OF THE FDCPA**

32. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

33. Defendants violated § 1692f when it placed repeated harassing calls to Plaintiff, when it called her at inconvenient times and places, when it threatened to garnish her husband's wages without the intention to do so, and when it used unfair and unconscionable means to collect the alleged debt.

WHEREFORE, Plaintiff, ALISSA JENSEN, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

# **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ALISSA JENSEN, demands a jury trial in this case.

                                      Respectfully submitted,

DATED: August 28, 2015        By: /s/ Amy L. Bennecoff Ginsburg
                                          Amy L. Bennecoff Ginsburg, Esquire
                                          Kimmel & Silverman, P.C.
                                          30 E. Butler Avenue
                                          Ambler, PA 19002
                                          Tel: 215-540-8888
                                          Fax: 215-540-8817
                                          Email: aginsburg@creditlaw.com
                                          Attorney for the Plaintiff